UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TANIA FERNANDES ANDERSON,<br><br>Defendant | Criminal No. 24cr10364<br><br>Violations:<br><br><u>Counts One - Five</u>: Wire Fraud; Aiding and Abetting<br>(18 U.S.C. §§ 1343 and 2)<br><br><u>Count Six</u>: Theft Concerning Programs Receiving Federal Funds; Aiding and Abetting<br>(18 U.S.C. §§ 666(a)(1)(A) and 2)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

<u>INDICTMENT</u>

At all times relevant to this Indictment:

<u>General Allegations</u>

1.    Tania Fernandes Anderson ("FERNANDES ANDERSON") was a resident of Boston, Massachusetts. Defendant FERNANDES ANDERSON is currently the Boston City Councilor for Boston's District 7, which includes Roxbury, Dorchester, Fenway, and part of the South End. FERNANDES ANDERSON was first elected to a two-year term in office in or about November 2021 and won re-election in or about November 2023. FERNANDES ANDERSON's current term as Councilor ends in approximately January 2026. FERNANDES ANDERSON received an annual salary of approximately $103,500 in 2022 and 2023 from the City of Boston.

1

2.  As a Boston City Councilor, defendant FERNANDES ANDERSON was an agent of the City of Boston, who was authorized to take official action on behalf of the City of Boston, such as proposing and voting on city ordinances, by-laws; orders, resolutions, legislation and other legislative matters affecting the City of Boston, including voting on the annual budget for the City of Boston. FERNANDES ANDERSON was the Vice Chair of the City Council Committee of Post Audit: Government Accountability, Transparency, and Accessibility, and a member of the Government Operations Committee and Public Safety and Criminal Justice Committee, among others.

3.  Each Boston City Councilor, including defendant FERNANDES ANDERSON, was allotted a budget of several hundred thousand dollars to pay salaries and bonuses for staff, which included positions for Chief of Staff, Communications, Policy, and Constituent Services, among others. As a City Councilor, defendant FERNANDES ANDERSON was authorized to hire and terminate staff, set salaries and bonuses, and assign work schedules and duties.

4.  Salaries and bonuses for City Councilor Staff were determined via personnel orders that were introduced and passed by members of the Boston City Council. Because the personnel orders were passed by the City Council, information about salaries and bonuses for individual members of City Councilor Staff was publicly available on the internet.

5.  Boston City Councilors were not permitted to hire immediate family members to their paid staff. In or about 2022, defendant FERNANDES ANDERSON hired two members of her immediate family as salaried employees of her City Councilor Staff. Because this was prohibited by law, (i) FERNANDES ANDERSON was required to terminate their salaried

2

employment in or about August 2022; and (ii) from in or about March 2023 to May 2023, the Massachusetts State Ethics Commission notified FERNANDES ANDERSON of its findings and that it would be seeking a $5,000 civil penalty payment[1] from her.

6. In or about 2023, defendant FERNANDES ANDERSON required all of her staff members to sign a non-disclosure agreement ("NDA") as a condition of employment. Pursuant to the NDA, FERNANDES ANDERSON's staff were barred from disclosing any "confidential information" to anyone, unless they received FERNANDES ANDERSON's permission. "Confidential information" was broadly defined to include: "all non-public information … concerning any aspect of the Office, Staff or its affairs."

7. "Staff Member A" was a member of defendant FERNANDES ANDERSON's City Councilor Staff from 2022 to 2023. Staff Member A was related to FERNANDES ANDERSON, but was not an immediate family member. FERNANDES ANDERSON hired Staff Member A in late 2022 at an annual salary of approximately $65,000. Staff Member A signed the NDA as a condition of their continued employment. Staff Member A deposited their City of Boston salary and bonuses, and made cash withdrawals of funds at Santander Bank, which conducted deposit and withdrawal transactions through interstate wire communications.

8. The City of Boston received over $10,000 of federal grant money in the calendar year 2023 from federal agencies that included the United States Department of Housing and Urban Development, among other federal agencies.

---

[1] In or about July 2023, the State Ethics Commission and defendant FERNANDES ANDERSON entered into a formal disposition agreement wherein FERNANDES ANDERSON agreed to pay the $5,000 civil penalty.

Scheme to Defraud

9. Defendant FERNANDES ANDERSON defrauded the City of Boston by (a) conceiving and proposing an arrangement whereby Staff Member A would receive additional compensation but would kickback most of this bonus pay; (b) providing materially false and misleading information related to Staff Member A, and related to a bonus payment to be awarded to Staff Member A; (c) omitting material information regarding the bonus payment to be paid to Staff Member A; and (d) accepting approximately $7,000 in cash from Staff Member A pursuant to a concealed bonus kickback arrangement between FERNANDES ANDERSON and Staff Member A.

10. In or about November 2022, defendant FERNANDES ANDERSON emailed a City of Boston employee regarding her hiring of Staff Member A, falsely representing that she and Staff Member A were not related:



11. From in or about early to mid-2023, FERNANDES ANDERSON was facing personal financial difficulty, which included (i) missing monthly rent and car payments, (ii) an impending $5,000 civil penalty from the Ethics Commission, and (iii) incurring bank overdraft fees, which resulted from FERNANDES ANDERSON maintaining low daily bank balances.

12.    In or about early May 2023, defendant FERNANDES ANDERSON told Staff Member A, in sum and substance, that FERNANDES ANDERSON would give extra pay in the form of a large bonus to Staff Member A, but that Staff Member A would have to give a portion of the bonus back to FERNANDES ANDERSON. Staff Member A agreed to the arrangement with FERNANDES ANDERSON.

13.    Because staff bonus information was publicly available, in or about early May 2023, FERNANDES ANDERSON informed her staff that they would be receiving bonuses. During her announcement, however, FERNANDES ANDERSON falsely told her staff that Staff Member A would be getting a larger bonus because FERNANDES ANDERSON wanted to pay Staff Member A for their prior volunteer work. FERNANDES ANDERSON did not disclose the bonus kickback arrangement with Staff Member A.

14.    On or about May 3, 2023, defendant FERNANDES ANDERSON sent an email to a City of Boston employee to process bonus payments for her City Councilor Staff. In the email, FERNANDES ANDERSON instructed the City of Boston employee to process a bonus payment of $13,000 to Staff Member A. Staff Member A's bonus was more than twice as large as the total amount of all bonus payments to FERNANDES ANDERSON's other staff combined. FERNANDES ANDERSON did not disclose the bonus kickback arrangement with Staff Member A to the City of Boston employee.

15.    On or about May 7, 2023, defendant FERNANDES ANDERSON caused a City Council personnel order to be issued that, effective May 13, 2023, the bi-weekly payroll of her staff, including Staff Member A, would be increased to an amount that included the bonus

5

payments. The May 7, 2023 personnel order omitted the fact that Staff Member A would be paying a portion of their bonus back to FERNANDES ANDERSON.

16. On or about May 26, 2023, the City of Boston issued the bonus check to Staff Member A in an amount payable of approximately $10,204.13, which reflected the $13,000 bonus, plus weekly salary, minus taxes withheld (the "Bonus Check"). The Bonus Check was payable from a City of Boston account with Citizens Bank, which was a Rhode Island-based bank that processed check payment transactions via interstate wire communications.

17. On or about May 26, 2023, Staff Member A deposited the Bonus Check to their account at Santander Bank. Then, at defendant FERNANDES ANDERSON's instructions, Staff Member A made separate cash withdrawals of the Bonus Check, on separate dates, in the following transactions:

| Appx. Date | Cash Withdrawal | Boston Bank Location |
| --- | --- | --- |
| May 31, 2023 | $3,000 | Beacon Street |
| June 5, 2023 | $3,000 | Hyde Park |
| June 9, 2023 | $4,000 | Beacon Street |

18. On or about June 9, 2023, Staff Member A withdrew the above $4,000 in cash at approximately 3:38 p.m. Then, at defendant FERNANDES ANDERSON's instructions, FERNANDES ANDERSON and Staff Member A arranged to meet at a bathroom at City Hall where Staff Member A would hand approximately $7,000 in cash to FERNANDES ANDERSON.

19. On June 9, 2023, Staff Member A and defendant FERNANDES ANDERSON exchanged the following texts (which traveled via interstate wire communications) to coordinate the Bonus Check cash kickback to FERNANDES ANDERSON:

6



20.     As shown above, on or about June 9, 2023, at approximately 4:11 p.m., Staff Member A texted FERNANDES ANDERSON, "Bathroom" to let FERNANDES ANDERSON know that Staff Member A was waiting in the bathroom to hand the $7,000 in cash to FERNANDES ANDERSON. Within seconds, FERNANDES ANDERSON texted Staff Member A, "Ready" to confirm that FERNANDES ANDERSON was ready to accept the $7,000 cash kickback from Staff Member A. Shortly following these texts, Staff Member A handed FERNANDES ANDERSON approximately $7,000 in cash at a bathroom in City Hall.

## COUNTS ONE - FIVE

Wire Fraud; Aiding and Abetting
(18 U.S.C. §§ 1343 and 2)

The Grand Jury charges:

21. The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

22. From in or around May 2023 until in or around June 2023, in the District of Massachusetts, and elsewhere, the defendant,

TANIA FERNANDES ANDERSON,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud the City of Boston, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | May 26, 2023 | Deposit of $10,204.13 bonus check funds from City of Boston account to Staff Member A's Santander Bank account |
| 2 | June 5, 2023 | $3,000 cash withdrawal from Staff Member A's Santander Bank account |
| 3 | June 9, 2023 | $4,000 cash withdrawal from Staff Member A's Santander Bank account |
| 4 | June 9, 2023 | "Bathroom" text message from Staff Member A to defendant FERNANDES ANDERSON |
| 5 | June 9, 2023 | "Ready" text message from defendant FERNANDES ANDERSON to Staff Member A |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

Theft Concerning a Program Receiving Federal Funds; Aiding and Abetting
(18 U.S.C. §§ 666(a)(1)(A) and 2)

The Grand Jury further charges:

23.  The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

24.  From in or around May 2023 until in or around June 2023, in the District of Massachusetts, and elsewhere, the defendant,

## TANIA FERNANDES ANDERSON,

being an agent of an organization, namely, the City of Boston, embezzled, stole, obtained by fraud and otherwise without authority knowingly converted to the use of a person other than the rightful owner and intentionally misapplied, property valued at $5,000 or more, which included labor, services, funds, and other goods, that was owned by, and was under the care, custody, and control of such organization, the City of Boston, which received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan guarantee, insurance or other form of Federal assistance in any one-year period including 2023.

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## FORFEITURE ALLEGATION

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One to Five, or Title 18, United States Code, Section 666(a)(1)(A), set forth in Count Six, the defendant,

TANIA FERNANDES ANDERSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JOHN T. MULCAHY
DUSTIN CHAO
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: December 5, 2024
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo
_____
DEPUTY CLERK    at 2:05 PM

11