UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                              )       Criminal No. 24-CR-10364-IT<br>)<br>TANIA FERNANDES ANDERSON,    )<br>)<br>Defendant.                            ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**TALWANI, D.J.**

WHEREAS, on December 5, 2024, a federal grand jury sitting in the District of Massachusetts returned a six-count Indictment, charging defendant Tania Fernandes Anderson (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Five)[1], and Theft Concerning Programs Receiving Federal Funds; Aiding and Abetting, in violation of 18 U.S.C. §§ 666(a)(1)(A) and (2) (Count Six);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One to Five of the Indictment, of any property, real or personal, which consititues, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located

---

[1] The United States has agreed that upon the Court's acceptance of Defendant's plea and the terms of the plea agreement, the United States will dismiss Counts Two through Five of the Indictment. *See* Docket No. 35.

1

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in the paragraph above;

WHEREAS, on May 5, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Six of the Indictment, pursuant to a written plea agreement that she signed on April 7, 2025;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $13,000 on the grounds that such amount is equal to the amount of proceeds Defendant derived from the offense as a result of her guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and her guilty plea on May 5, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $13,000 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $13,000 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1343 and 2; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $13,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
**INDIRA TALWANI**
United States District Judge

Dated: 9/5/2025